## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| _____ | : | |
| RAFAEL BARBA | : | CIVIL ACTION |
| | : | |
| v. | : | CASE NO. 11-7337 (CMR) |
| | : | |
| CONTENT DATA SOLUTIONS, INC., | : | |
| | : | |
| THOMAS INDUSTRIAL NETWORK INC., | : | |
| | : | |
| THOMAS PUBLISHING COMPANY, | : | |
| | : | |
| THOMAS TECHNOLOGY SOLUTIONS INC., | : | |
| | : | |
| ROBERT TERRY, | : | |
| | : | |
| and | : | |
| | : | |
| BART MIKULSKI. | : | |
| _____ | : | |

### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendants Content Data Solutions, Inc., Thomas Industrial Network Inc., Thomas Publishing Company, Thomas Technology Solutions Inc., Robert Terry, and Bart Mikulski, through their undersigned counsel, assert their answer and affirmative defenses to the complaint as follows:

### INTRODUCTION

1.   Admitted in part and denied in part. Admit that plaintiff has initiated this action seeking damages under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621,

et seq.), 42 U.S.C. § 1981, and the Pennsylvania Human Relations Act, ("PHRA"), 43 Pa.C.S.A. §951, et seq., but deny the remaining averments and specifically deny that plaintiff was unlawfully terminated or suffered any damages or that defendants violated any laws in terminating the plaintiff's employment. Defendants lack knowledge as to the truth of the averments alleged in footnote 1 and therefore deny those averments pertaining to the status of plaintiff's PHRC complaint, if any.

### JURISDICTION AND VENUE

2.   Denied.  Deny the averments in paragraph 2 because they are conclusions of law, to which no response is required.

3.   Denied.  Deny the averments in paragraph 3, because they are conclusions of law to which no response is required.  Admit only that Thomas Industrial Network, Inc. sells products and services via a telesales operation located in the Eastern District of Pennsylvania.  Content Data Solutions, Inc. and Thomas Technology Solutions, Inc. do not conduct business in the Eastern District because they ceased operations prior to plaintiff's employment with THOMCOMP, Inc.  Thomas Publishing Company does not operate in Pennsylvania.

4.   Denied.  Deny the averments in paragraph 4, because they are conclusions of law to which no response is required.

2

5.   Denied.   After   reasonable   investigation,   lack sufficient knowledge to admit or deny the averments contained in paragraph 5, which are therefore denied.

**PARTIES**

6.   Defendants   incorporate   by   reference   their responses contained in the foregoing paragraphs as though set forth here at length.

7.   Admitted in part and denied in part.   Admit that plaintiff is an adult, but lack knowledge sufficient to admit or deny the remaining averments regarding plaintiff's address and those averments are therefore denied.

8.   Denied.  Deny that Content Data Solutions, Inc. is in business and state that Content Data Solutions, Inc. ceased operations prior to plaintiff's employment at THOMCOMP, Inc. Admit that Content Data Solutions, Inc., at the time it was in business, was owned by Thomas Publishing Company LLC.  Thomas Publishing Company LLC is owned by Thomas Publishing Company.

9.   Denied.   Deny the averments contained in this paragraph, and on the contrary state that Thomas Industrial Network, Inc. is owned by Thomas Publishing Company LLC.  Thomas Publishing Company LLC is owned by Thomas Publishing Company.

10.   Denied.  Thomas Publishing Company is a holding company.

11.   Denied.   Thomas  Technology  Solutions,  Inc.  is  no longer in business.

12.   Denied.  Deny the averments in paragraph 12 to the extent  they  contain  conclusions  of  law.   On  the  contrary,  admit that  Robert  Terry  is  the  Director  of  Inside  Sales  for  THOMCOMP, Inc.  The remaining averments are denied.

13.   Denied as  stated.   Bart Mikulski was  a Manager  of Inside  Sales  for  THOMCOMP,  Inc.  and  was  supervised,  in  part,  by Mr. Terry.  The remaining averments are denied.

14.   Denied.   Deny  the  averments  in  paragraph  14  as they  contain  conclusions  of  law,  to  which  no  response  is required.

15.   Denied.   Deny  the  averments  in  paragraph  15  as they  contain  conclusions  of  law,  to  which  no  response  is required.

## ALLEGED BACKGROUND

16.   Defendants   incorporate   by   reference   their responses  contained  in  the  foregoing  paragraphs  as  though  set forth here at length.

17.   Admitted in part and denied in part.  Admit that plaintiff  is  a  male,  but  lack  specific  knowledge  sufficient  to admit  or  deny  the  remaining  averments  regarding  plaintiff's  age and ethnicity.

18.   Denied.  Deny each and every averment contained in this paragraph.  It is denied that the corporate defendants employed plaintiff.  On the contrary, plaintiff was a THOMCOMP, Inc. employee and plaintiff held the title of Telephone Sales Team Associate.

19.   Admitted in part and denied in part.  It is admitted that among other responsibilities, plaintiff's job duties included internet advertising to industrial suppliers, but deny those were his only responsibilities.

20.   Denied.  Deny each and every averment contained in this paragraph.  It is denied that the corporate defendants employed plaintiff.  On the contrary, THOMCOMP, Inc. employed plaintiff from September 27, 2010, until December 3, 2010. Defendants deny all remaining averments in this paragraph.

21.   Denied.  Deny each and every averment contained in this paragraph.  It is denied that the corporate defendants employed plaintiff.  On the contrary, THOMCOMP, Inc. employed plaintiff.  Defendants deny all remaining averments in this paragraph.

22.   Denied.  Deny each and every averment contained in this paragraph.  It is denied that the corporate defendants employed plaintiff.  On the contrary, THOMCOMP, Inc. employed plaintiff and THOMCOMP, Inc. enjoys an employee pool diverse in its age composition.

23.   Denied.  Deny each and every averment contained in this paragraph.   It is denied that the corporate defendants employed plaintiff.   On the contrary, THOMCOMP, Inc. employed plaintiff.   Defendants admit that Bart Mikulski was one of several managers responsible for supervising plaintiff.

24.   Admitted.   It is admitted that Bart Mikulski is about 36 years old.

25.   Denied.  Deny each and every averment contained in this paragraph.   It is denied that the corporate defendants employed plaintiff.   On the contrary, THOMCOMP, Inc. employed plaintiff.   Defendants admit that Robert Terry was one of a number of managers responsible for supervising plaintiff.   The remaining averments are denied.

26.   Denied.  Mr. Terry is over 40 years old.

27.   Denied.  Deny each and ever averment contained in this paragraph.   It is denied that plaintiff complained to any defendant of racial discrimination by Nancy O'Brien or anyone else.

28.   Denied.  Deny each and every averment contained in this paragraph.   It is denied that plaintiff complained to any defendant of racial discrimination by Nancy O'Brien or anyone else.

29.   Denied.  Deny each and every averment contained in this paragraph.   It is denied that plaintiff complained to any

defendant of racial discrimination by Nancy O'Brien or anyone else. On the contrary, admit that plaintiff complained that Nancy O'Brien criticized his call volume and sales efforts. Upon receipt of this complaint, defendant Terry investigated the claim.

30. Denied. Deny each and every averment contained in this paragraph. It is denied that the corporate defendants employed plaintiff. On the contrary, THOMCOMP, Inc. employed plaintiff and that THOMCOMP, Inc. enjoys an employee pool diverse in its age composition.

31. Denied. Deny each and every averment contained in this paragraph. It is denied that the corporate defendants employed plaintiff. On the contrary, THOMCOMP, Inc. employed plaintiff and on December 3, 2010, THOMCOMP, Inc. terminated plaintiff in part because, after over two months with the company, plaintiff made no sales and was unable to effectively sell products or services.

32. Denied. Deny each and every averment contained in this paragraph, and on the contrary state that plaintiff had the same opportunity to succeed that other employees had. It is denied that plaintiff's age or race played any role in his treatment as an employee.

33. Denied. Deny each and every averment contained in this paragraph, and on the contrary state that plaintiff was

employed only by THOMCOMP, Inc. and that it terminated non-performing members of its sales staff irrespective of race and/or age.  It is denied that plaintiff's age or race played any role in his treatment as an employee.

34.  Denied.  Deny each and every averment contained in this paragraph, and on the contrary state that plaintiff was employed only by THOMCOMP, Inc. and that it terminated non-performing members of its sales staff irrespective of race or age.  It is denied that plaintiff's, or anyone else's, age or race played any role in his treatment as an employee.

35.  Denied.  Deny each and every averment contained in this paragraph, and on the contrary state that plaintiff was employed only by THOMCOMP, Inc. and that it terminated non-performing members of its sales staff irrespective of race or age.  It is denied that plaintiff's, or anyone else's, age or race played any role in his treatment as an employee.

36.  Denied.  Deny each and every averment contained in this paragraph.  It is denied that the corporate defendants employed plaintiff, that he complained of discrimination, or that he was terminated for any unlawful or illegal reason.  On the contrary, THOMCOMP, Inc. terminated plaintiff for his poor work performance.

**Count I**

37.   Defendants   incorporate   by   reference   their responses contained in the foregoing paragraphs as though set forth here at length.

38.   Denied.  Deny each and every averment contained in this paragraph.   It is denied that the corporate defendants employed plaintiff, and on the contrary, only THOMCOMP, Inc. employed and then terminated plaintiff's employment.   It is denied that plaintiff's termination was for any unlawful or illegal reason, but rather was for legitimate non-discriminatory and non-retaliatory business reasons.

39.   Denied.  Deny each and every averment contained in this paragraph.  This paragraph contains conclusions of law to which no response is required, which are therefore denied.  It is denied that plaintiff's termination was for any unlawful or illegal reason, but rather was for legitimate non-discriminatory and non-retaliatory business reasons.

**Count II**

40.   Defendants   incorporate   by   reference   their responses contained in the foregoing paragraphs as though set forth here at length.

41.   Denied.  Deny each and every averment contained in this paragraph.   It is denied that the corporate defendants employed plaintiff, and on the contrary, only THOMCOMP, Inc.

employed and then terminated plaintiff's employment.    It is denied that plaintiff's termination was for any unlawful or illegal reason, but rather was for legitimate non-discriminatory and non-retaliatory business reasons.

42.  Denied.  Deny each and every averment contained in this paragraph.  This paragraph contains conclusions of law to which no response is required, which are therefore denied.  It is denied that plaintiff's termination was for any unlawful or illegal reason, but rather was for legitimate non-discriminatory and non-retaliatory business reasons.

**Count III**

43.  Defendants incorporate by reference their responses contained in the foregoing paragraphs as though set forth here at length.

44.  Denied as vague as to whom plaintiff is referring.  It is further denied that any of the corporate entities employed plaintiff.

45.  Denied.  Deny each and every averment contained in this paragraph.  It is denied that the corporate defendants employed plaintiff, and on the contrary, only THOMCOMP, Inc. employed and then terminated plaintiff's employment.  It is denied that plaintiff's termination was for any unlawful or illegal reason, but rather was for legitimate non-discriminatory and non-retaliatory business reasons.  It is further denied that

plaintiff was the subject of any discriminatory treatment because of his age or race.

46. Denied. Deny each and every averment contained in this paragraph. This paragraph contains conclusions of law to which no response is required, which are therefore denied. It is denied that plaintiff's termination was for any unlawful or illegal reason, but rather was for legitimate non-discriminatory and non-retaliatory business reasons.

WHEREFORE, the defendants respectfully request that this Court dismiss the complaint and that judgment be entered in their favor and against plaintiff, and award defendants their costs, attorneys' fees and expenses of this action and such other relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The allegations of plaintiff's complaint fail to state a claim that entitles him to relief.

### SECOND AFFIRMATIVE DEFENSE

Each employment action alleged by plaintiff was for legitimate non-discriminatory and non-retaliatory reasons.

### THIRD AFFIRMATIVE DEFENSE

No impermissible factor played any role whatsoever in any employment against plaintiff. Moreover, even if some impermissible motive were a factor in any of these decisions, which defendants deny, defendants would have made the same

decision(s) for legitimate, non-discriminatory and non-retaliatory business reasons.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join a required party so that this Court cannot accord proper relief.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent he has failed to mitigate his damages or suffered no damages caused by defendants.

### SIXTH AFFIRMATIVE DEFENSE

At all relevant times, defendants have made good faith efforts to comply with applicable non-discrimination laws. At all times, defendants have and would have exercised reasonable care to prevent and correct promptly any discriminatory conduct and plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by defendants, or to avoid harm otherwise.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred by defendants' adoption and enforcement of a policy against discrimination and retaliation of the type alleged in the complaint.

### EIGHTH AFFIRMATIVE DEFENSE

To the extent that plaintiff suffered any damages, which defendants deny, plaintiff's injuries were caused in whole

or in part by his own actions or lack of action or those actions or inaction of non-parties to this complaint.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by his failure to exhaust internal or external administrative remedies.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because defendants' actions were privileged and undertaken in good faith.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of waiver, laches, estoppel, and unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

On information and belief, and out of an abundance of caution, defendants allege that plaintiff's claims for damages are barred, in whole or in part, because his employment would have been terminated based upon after-acquired evidence.

## <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

Because plaintiff was an employee at will, his complaint fails to state a claim on which he is entitled to relief.


Dated: February 29, 2012       /s/ Cameron J. Etezady
                                            NEIL J. HAMBURG
                                            CAMERON J. ETEZADY
                                            HAMBURG & GOLDEN, P.C.
                                            1601 Market Street, Suite 3310
                                            Philadelphia, PA 19103
                                            215-255-8590 (O)
                                            215-255-8583 (fax)
                                            hamburgnj@hamburg-golden.com
                                            etezadycj@hamburg-golden.com

                                            Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, Cameron J. Etezady, hereby certify that the foregoing Answer and Affirmative Defenses has been filed electronically and is now available for viewing and downloading from the Court's Electronic Case Filing System.  I further certify that a copy of the foregoing was served by regular mail February 29, 2012, on the following:

>           Ari Karpf, Esquire
>           Christine Burke, Esquire
>           Karpf, Karpf, & Cerutti, P.C.
>           3331 Street Road
>           Two Greenwood Square, Suite 128
>           Bensalem, PA 19020
>
>           Gershom R. Smith, Esquire
>           Proskauer Rose, LLP
>           Eleven Times Square
>           New York, NY 10036-8299
>
>           Matthew H. Haverstick, Esquire
>           Lorie K. Dakessian, Esquire
>           Conrad O'Brien, P.C.
>           1500 Market Street, Suite 3900
>           Centre Square West Tower
>           Philadelphia, PA 19102-2100

>           /s/ Cameron J. Etezady
>           CAMERON J. ETEZADY