IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFAEL BARBA : | |
| P.O. Box 581 : | |
| Southeastern, PA 19399 : | CIVIL ACTION |
| : | |
| Plaintiff, : | No.: 11-7337 |
| : | |
| v. : | |
| : | **JURY TRIAL DEMANDED** |
| : | |
| THOMCOMP, INC. : | |
| 5 Penn Plaza : | |
| New York, NY 10001 : | |
| : | |
| *et. al.* : | |
| Defendants. : | |
| : | |

## ORDER

AND NOW, this          day of                    , 2012, it is hereby **ORDERED** and **DECREED** that Plaintiff's Motion *in limine* seeking to prohibit the introduction of earnings from Plaintiff's unemployment compensation following his termination from Defendants is **GRANTED**.

Defendants shall not introduce any information at trial that Plaintiff earned income from unemployment compensation following his termination from Defendants.

BY THE COURT

_____+\_\_
The Hon. Carol Sandra Moore Wells, U.S.M.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFAEL BARBA<br>P.O. Box 581<br>Southeastern, PA 19399<br><br>   Plaintiff,<br><br> v.<br><br>THOMCOMP, INC.<br>5 Penn Plaza<br>New York, NY 10001<br><br>  *et. al.*<br>   Defendants. | CIVIL ACTION<br><br>No.: 11-7337<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S MOTION *IN LIMINE* SEEKING**
**TO EXCLUDE EVIDENCE OF UNEMPLOYMENT COMPENSATION INCOME**

Plaintiff hereby respectfully moves this Court for an Order excluding Plaintiff's earned income from unemployment compensation following his termination from Defendants. The bases for the instant motion are set forth in the attached Memorandum of Law, which is fully incorporated herein and made a part hereof.

                Respectfully Submitted,

                **KARPF, KARPF & CERUTTI, P.C.**

                */s/   Christine E. Burke*
                Christine E. Burke, Esquire
                Ari R. Karpf, Esquire
                3331 Street Road
                Two Greenwood Square,
                Suite 128
                Bensalem, PA 19020
Dated:  December 3, 2012       (215) 639-0801

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RAFAEL BARBA<br>P.O. Box 581<br>Southeastern, PA 19399 | :<br>:<br>: | CIVIL ACTION |
| Plaintiff, | :<br>: | No.: 11-7337 |
| v. | :<br>:<br>: | **JURY TRIAL DEMANDED** |
| THOMCOMP, INC.<br>5 Penn Plaza<br>New York, NY 10001 | :<br>:<br>:<br>: | |
| *et. al.*<br>Defendants. | :<br>:<br>: | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION *IN LIMINE* SEEKING TO EXCLUDE EVIDENCE OF
UNEMPLOYMENT COMPENSATION INCOME**

### I.    Case Introduction/ Procedural History

The instant case was initiated on November 28, 2011. *See* Docket Entry No.: 1. Plaintiff filed his First Amended Complaint on June 15, 2012. *See* Docket Entry No.: 37. Plaintiff, (*hereinafter* "Rafael Barba") alleges violations by Defendants of 42 U.S.C Section 1981 ("Section 1981)(racial discrimination and retaliation) Title VII of the Civil Rights Act of 1964 ("Title VII")(same), the Age Discrimination in Employment Act ("ADEA")(age discrimination)(against Defendant entities only), and the Pennsylvania Human Relations Act ("PHRA")(which state claims mirror his federal claims). This matter arises out of Mr. Barba's employment with Defendants.

Mr. Barba, is a 61-year-old[1] Hispanic male. Mr. Barba was employed by Defendant Entities as an internet sales consultant (referred to by Defendants as a "telesales team member") at their Horsham, Pennsylvania location. Mr. Barba's job duties included selling internet advertising solutions to industrial customers. Mr. Barba was employed by Defendant Entities for approximately two (2) months, from September 27, 2010 through December 3, 2010. Mr. Barba was the oldest telesales team member at his location during his employment with Defendant Entities. Further, the majority of employees at this location were under 40 years old. During his employment, Mr. Barba was supervised by Defendant Bart Mikulski (non-Hispanic)(substantially younger) and Defendant Robert Terry (non-Hispanic)(substantially younger).

In November of 2010, Mr. Barba complained to Defendant Robert Terry of racial discrimination by a coworker, one Nancy O'Brien, including comments O'Brien made about Mr. Barba's accent and ethnicity. Defendant Terry did not engage in any meaningful investigation of Mr. Barba's complaints of racial discrimination and deny that they ever occurred.

Instead, on December 3, 2010, Defendants terminated Mr. Barba because Mr. Barba allegedly did not have "sufficient sales." However, Mr. Barba was terminated unlike other younger and non-Hispanic employees, who had the same or similar sales potential as did Mr. Barba. Further, younger and non-Hispanic employees were also treated more favorably than Mr. Barba including but not limited to receiving sales assistance from Defendant Entities' management that Plaintiff did not receive, and were given in excess of 3 months to become productive. While Mr. Barba was terminated for insufficient sales, Defendants have admittedly retained younger non-Hispanic individuals who did not earn <u>any</u> sales commissions within the

---

[1] Mr. Barba was 59 at the time he worked for Defendants.

4

three (3) month "ramp up period" which identifies the sales expectations and criterion for new sales employees.

Mr. Barba was ultimately replaced by a 40 year old non-Hispanic female. This younger, non-Hispanic employee, as well as other younger non-Hispanic employees were given written warnings for insufficient sales and counseled through Defendants' progressive discipline system.

Therefore, Mr. Barba asserts violations by Defendants of Section 1981 (race discrimination and retaliation), Title VII (same), the ADEA (age discrimination), PHRA (which state claims mirror his federal claims).

This case is currently scheduled for trial beginning on January 9, 2012.

## II.   **Pertinent Facts to the Instant Motion in *Limine***

Following his termination from Defendants, Mr. Barba applied for and later received unemployment compensation income. For the reasons set forth below, these monies are precluded as a set off to any award of lost wages under the collateral source doctrine.

## III.   **Legal Argument**

Under the collateral source doctrine a plaintiff need not offset his/her recovery from the defendant by the amount of any benefits received from sources independent of those who wronged him/her. *See England v. Reinauer Transportation Companies, L.P.,* 194 F.3d 265, 273-74 (1st Cir. 1999); *McGrath v. Consolidated Rail Corporation,* 136 F.3d 838, 839 (1st Cir. 1998) (citing *Lussier v. Runyon,* 50 F.3d 1103, 1107 (1st Cir. 1995). In other words, this rule generally allows recovery against a wrongdoer for the full amount of damages even though the injured party is also compensated for some or all of the same damages from a different source independent of the tort-feasor. *See Reilly v. U.S.,* 863 F.2d 149, 165 (1st Cir. 1988). Hence, "the collateral source rule is an exception to the general rule that damages in tort should be

compensatory only." Joel K. Jacobsen, the Collateral Source Rule and the Role of the Jury, 70 Or.L.Rev. 523, 524 (1991). The purpose behind such a rule or doctrine is to lessen the danger of the jury finding no liability or reducing a damage award "'when it learns that plaintiff's loss is entirely or partially covered.'" *Id.* (quoting *Moses v. Union Pac. R.R.,* 64 F.3d 413, 416 (8th Cir. 1995). *See also*, *Tipton v. Socony Mobil Oil Co.,* 375 U.S. 34, 36-37, 84 S. Ct. 1, 2-3, 11 L. Ed. 2d 4 (1963) (*per curiam*).

In *Gaworski v. ITT Comm. Fin. Corp.,* 17 F.3d 1104, 1112 (8th Cir.), cert. denied, 513 U.S. 946, 130 L. Ed. 2d 310, 115 S. Ct. 355 (1994), the court stated that "'an employer can not set up in mitigation of damages in a tort action by an injured employee indemnity from a collateral source, such as insurance or compensation or benefits under a Workmen's Compensation Act, even where the defendant has contributed to the fund.'" (quoting Chicago Great W. Ry. v. Peeler, 140 F.2d 865, 868 (8th Cir. 1944)).

In *Rasimas v. Michigan Dept. of Mental Health*, 714 F.2d 614 (6th Cir. 1983), *cert. denied*, 466 U.S. 950, 80 L. Ed. 2d 537, 104 S. Ct. 2151 (1984), the court held that unemployment benefits should not be deducted from backpay awards and this is not a matter for district court discretion. ***In addition, unemployment compensation is paid not to discharge an obligation of the employer, but to carry out the social policies of the state***. Thus, unemployment benefits are collateral benefits which the district court should disregard in making its award. *Id.*; *See also  Accord Conklin v. Lovely*, 834 F.2d 543, 551 (6th Cir. 1987) (as general rule, unemployment benefits are not deducted from backpay awards).  Like unemployment benefits, worker's compensation benefits are a collateral source that should not be deducted from backpay. *Knafel v. Pepsi-Cola Bottlers of Akron, Inc.*, 899 F.2d 1473 (6th Cir. 1990).

It is fundamental that "an employer cannot set up in mitigation of damages in a tort action by an injured employee indemnity from a collateral source, such as insurance or compensation or benefits under a Workmen's Compensation Act, even where the defendant has contributed to the fund." *Chicago Great W. Ry. v. Peeler,* 140 F.2d 865, 868 (8th Cir. 1944). This "collateral source rule" has a long pedigree, but it remains applicable and gains in significance in the context of employment discrimination claims. As in *Beshears v. Asbill,* 930 F.2d 1348 (8th Cir. 1991), because of the collateral source rule, "'most courts have refused to deduct such benefits as social security and unemployment compensation from ADEA awards,'" (quoting Guthrie v. J.C. Penney Co., 803 F.2d 202, 209 (5th Cir. 1986)). Such a refusal is sensible and in accordance with the purposes of the ADEA and other discrimination laws.

The collateral source rule is properly available in federal employment discrimination cases. *See, e.g., Salitros v. Chrysler Corp.,* 306 F.3d 562, 573-74 (8th Cir. 2002) (applying rule in ADA case); *Flowers v. Komatsu Mining Sys., Inc.,* 165 F.3d 554, 558 (7th Cir. 1999) (making the rule available to district courts in employment discrimination cases); *Hamlin v. Charter Township of Flint,* 165 F.3d 426, 433-35 (6th Cir. 1999) (applying rule in ADA case); *EEOC v. Ford Motor Co.,* 645 F.2d 183, 196 (4th Cir. 1981) (holding that unemployment benefits should not be deducted from awards of back pay under Title VII), *rev'd on other grounds,* 458 U.S. 219, 73 L. Ed. 2d 721, 102 S. Ct. 3057 (1982); *See also Abron v. Black & Decker Mfg. Co.*, 439 F. Supp. 1095 (D.Md.1977); *Inda v. United Airlines, Inc.*, 405 F. Supp. 426 (N.D.Cal.1975), *modified on other grounds*, 565 F.2d 554 (9th Cir. 1977), *cert. denied*, 435 U.S. 1007, 98 S. Ct. 1877, 56 L. Ed. 2d 388 (1978); *Tidwell v. American Oil Co.*, 332 F. Supp. 424 (D.Utah1971).

## IV. Conclusion

For the foregoing reasons, Mr. Barba respectfully requests that this Court grant the instant motion *in limine* and prohibit Defendants from introducing any evidence of Plaintiff's unemployment compensation benefits.

Respectfully Submitted,

**KARPF, KARPF & CERUTTI, P.C.**

*/s/   Christine E. Burke*
Christine E. Burke, Esquire
Ari R. Karpf, Esquire
3331 Street Road
Two Greenwood Square,
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated:  December 3, 2012

\

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFAEL BARBA<br>P.O. Box 581<br>Southeastern, PA 19399 | :<br>:<br>: CIVIL ACTION<br>: |
| Plaintiff, | : No.: 11-7337<br>: |
| v. | :<br>: **JURY TRIAL DEMANDED**<br>: |
| THOMCOMP, INC.<br>5 Penn Plaza<br>New York, NY 10001 | :<br>:<br>:<br>: |
| *et. al.* | :<br>:<br>: |
| Defendants. | :<br>: |

## CERTIFICATE OF SERVICE

I, Christine E. Burke, Esq. do hereby certify that on the date set forth below, I caused to be served a true and correct copy of Plaintiff's Motion *in limine* by electronic filing upon the following individual:

Neil J. Hamburg, Esq.
Jodi S. Wilenzik, Esq.
Hamburg & Golden
1601 Market Street, Suite 3310
Philadelphia, Pennsylvania 19103-1443


*/s/   Christine E. Burke*
Christine E. Burke, Esq.

Dated:  December 3, 2012

9