IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAEL BARBA<br>P.O. Box 581<br>Southeastern, PA 19399 | :<br>:<br>: | CIVIL ACTION |
| Plaintiff, | :<br>: | No.: 11-7337 |
| v. | :<br>:<br>: | **JURY TRIAL DEMANDED** |
| THOMCOMP, INC.<br>5 Penn Plaza<br>New York, NY 10001 | :<br>:<br>:<br>: | |
| *et. al.*<br>Defendants. | :<br>:<br>: | |

## ORDER

AND NOW, this            day of                 , 2012, it is hereby **ORDERED** and **DECREED** that Plaintiff's Motion *in limine* seeking to prohibit the introduction of information, examination, or documents about or concerning Plaintiff's performance history during his employment with General Electric is hereby **GRANTED**.

BY THE COURT

_____

The Hon. Carol Sandra Moore Wells, U.S.M.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAEL BARBA<br>P.O. Box 581<br>Southeastern, PA 19399 | :<br>:<br>: | CIVIL ACTION |
| Plaintiff, | :<br>: | No.: 11-7337 |
| v. | :<br>:<br>: | **JURY TRIAL DEMANDED** |
| THOMCOMP, INC.<br>5 Penn Plaza<br>New York, NY 10001 | :<br>:<br>:<br>:<br>: | |
| *et. al.*<br>Defendants. | :<br>:<br>: | |

**PLAINTIFF'S MOTION *IN LIMINE* SEEKING
TO EXCLUDE EVIDENCE OF HIS PERFORMANCE HISTORY DURING HIS
EMPLOYMENT WITH GENERAL ELECTRIC**

Plaintiff hereby respectfully moves this Court for an Order excluding Defendants from introducing any evidence about or concerning Plaintiff's performance history during his employment with General Electric.

                                          **KARPF, KARPF & CERUTTI, P.C.**

                                          */s/ Christine E. Burke*_____
                                          Christine E. Burke, Esquire
                                          Ari R. Karpf, Esquire
                                          3331 Street Road
                                          Two Greenwood Square, Suite 128
                                          Bensalem, PA 19020
                                          (215) 639-0801
                                          Attorney for Plaintiffs

Dated: December 3, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RAFAEL BARBA<br>P.O. Box 581<br>Southeastern, PA 19399 :     CIVIL ACTION<br>:<br>      Plaintiff, :     No.: 11-7337<br>:<br>  v. :<br>:     **JURY TRIAL DEMANDED**<br>:<br>THOMCOMP, INC.<br>5 Penn Plaza<br>New York, NY 10001<br>:<br>  *et. al.* :<br>      Defendants. : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION *IN LIMINE* SEEKING
TO EXCLUDE EVIDENCE OF HIS PERFORMANCE HISTORY DURING HIS
EMPLOYMENT WITH GENERAL ELECTRIC**

    **I.**         **Case Introduction/ Procedural History**

The instant case was initiated on November 28, 2011. *See* Docket Entry No.: 1. Plaintiff filed his First Amended Complaint on June 15, 2012. *See* Docket Entry No.: 37. Plaintiff, (*hereinafter* "Rafael Barba") alleges violations by Defendants of 42 U.S.C Section 1981 ("Section 1981)(racial discrimination and retaliation) Title VII of the Civil Rights Act of 1964 ("Title VII")(same), the Age Discrimination in Employment Act ("ADEA")(age discrimination)(against Defendant entities only), and the Pennsylvania Human Relations Act ("PHRA")(which state claims mirror his federal claims). This matter arises out of Mr. Barba's employment with Defendants.

Mr. Barba, is a 61-year-old[1] Hispanic male. Mr. Barba was employed by Defendant Entities as an internet sales consultant (referred to by Defendants as a "telesales team member") at their Horsham, Pennsylvania location. Mr. Barba's job duties included selling internet advertising solutions to industrial customers. Mr. Barba was employed by Defendant Entities for approximately two (2) months, from September 27, 2010 through December 3, 2010. Mr. Barba was the oldest telesales team member at his location during his employment with Defendant Entities. Further, the majority of employees at this location were under 40 years old. During his employment, Mr. Barba was supervised by Defendant Bart Mikulski (non-Hispanic)(substantially younger) and Defendant Robert Terry (non-Hispanic)(substantially younger).

In November of 2010, Mr. Barba complained to Defendant Robert Terry of racial discrimination by a coworker, one Nancy O'Brien, including comments O'Brien made about Mr. Barba's accent and ethnicity. Defendant Terry did not engage in any meaningful investigation of Mr. Barba's complaints of racial discrimination and deny that they ever occurred.

Instead, on December 3, 2010, Defendants terminated Mr. Barba because Mr. Barba allegedly did not have "sufficient sales." However, Mr. Barba was terminated unlike other younger and non-Hispanic employees, who had the same or similar sales potential as did Mr. Barba. Further, younger and non-Hispanic employees were also treated more favorably than Mr. Barba including but not limited to receiving sales assistance from Defendant Entities' management that Plaintiff did not receive, and were given in excess of 3 months to become productive. While Mr. Barba was terminated for insufficient sales, Defendants have admittedly

---

[1] Mr. Barba was 59 at the time he worked for Defendants.

retained younger non-Hispanic individuals who did not earn <u>any</u> sales commissions within the three (3) month "ramp up period" which identifies the sales expectations and criterion for new sales employees.

Mr. Barba was ultimately replaced by a 40 year old non-Hispanic female. This younger, non-Hispanic employee, as well as other younger non-Hispanic employees were given written warnings for insufficient sales and counseled through Defendants' progressive discipline system.

Therefore, Mr. Barba asserts violations by Defendants of Section 1981 (race discrimination and retaliation), Title VII (same), the ADEA (age discrimination), PHRA (which state claims mirror his federal claims).

This case is currently scheduled for trial beginning on January 9, 2012.

## II.     Pertinent Facts to the Instant Motion in *Limine*

Defendants --- under a clear guise of proffered impeachment evidence -- seek to introduce evidence at trial of Mr. Barba's performance history during his long years of sales consultant work with his prior employer: GE Capital – Trailer Fleet Services, (*hereinafter* "GE"). Defendants' sole contention in this matter is that they terminated Mr. Barba during his initial probationary period due to both his lack of sales, and his poor sales technique. Any introduction at trial that Mr. Barba was a poor sales employee at GE and was on multiple performance improvement plans due to poor sales performance/failure to meet sales quota is devastating to his claims in this matter. Such an introduction will undoubtedly unfairly prejudice the jury into making the improper inference that if Mr. Barba was a poor sales employee with GE, he was also a poor sales employee with Defendants.

Prior to his employment with Defendants, Mr. Barba was employed with GE from December of 2001 through in or about February of 2009. *See* Exhibit A, (Barba's Resume) attached hereto; *and see* GE Offer Letter of Employment, attached hereto as "Exhibit B." Mr. Barba held the position of an inside sales representative during his employment with GE. *See* Exhibit C (GE job description), attached hereto. It is undisputed that Mr. Barba was ultimately laid off from his employment with GE. *See* Exhibit D, "lay off letter" attached hereto.

During the course of discovery in this matter, Defendants subpoenaed and obtained the entirety of Mr. Barba's personnel records from his employment with GE (84 pp. in total). These records include evidence of two (2) performance improvement plans administered to Mr. Barba in December and March of 2007 and the results thereof. *See* Exhibit E, attached hereto. Performance evaluations detailing the weaknesses and shortcomings in Mr. Barba's sales performance with an entirely different employer in a similar sales consultant position are highly inflammatory and only suggest to a jury that Mr. Barba was likely a poor sales performer with Defendants as well.

During a settlement conference in this matter, while addressing pre-trial issues, Defendants' Counsel submitted that it intended on introducing the entirety of Mr. Barba's performance records during his time at GE to establish his "lack of credibility." This is presumably due to one (1) question posed during Mr. Barba's 298 page deposition, inquiring if he had any "performance problems" at GE (during his over eight (8) years of employment). *See* Exhibit F, (Plaintiff's dep., at page 21), attached hereto. In response, Mr. Barba indicated that he did not. *Id.*

This question was very broad, as any employee in any type of occupation could conceivably receive constructive criticism and feedback (whether orally or in writing) during

6

their long tenure with an employer, but not equate themselves as having blanket "performance problems."  Mr. Barba worked at GE for over eight (8) years, received many accolades and awards, increases in salary, received bonuses, routinely earned above average commissions, <u>successfully completed any temporarily imposed performance-based plans</u>, and <u>separated for reasons wholly unrelated to performance</u>.  It is not at all unreasonable to conclude that following Mr. Barba's employment with GE, he would not consider himself to have been an employee with "performance problems."  This is not the type of "impeachment" material which should open the flood gates for a slew of highly prejudicial and improper character evidence.

In addition, Defendants' Counsel seemed to intimate (without providing any proofs of this allegation) that Mr. Barba testified during his deposition to commissions received with GE that were either a.) false; or b.) highly inflated.  This is wholly inaccurate, as Mr. Barba was very clear during his deposition that his commissions earned at GE frequently varied, and he was not willing to pinpoint with any certainty the amounts he earned during his employment there. *See* Exhibit F, attached hereto.  The pertinent testimony was as follows:

> "Q . . . And in terms of commissions  -- I know those can vary –
> but what was your personal goal of commissions for you?
>
> A:  Well, they were very tough times.  Anywhere from about 10 to
> $40,000, about that.  It varied.
>
> Q:  So there were times that you recall earning $40,000 in
> commission at GE?
>
> A:  Again, I can not exactly answer your question because it varied
> so much, and there were bonuses sometimes too, but I would say
> between ten – and yeah, the upper level would be about 40."

*Id.*   In addition to his testimony, which definitively refuses to specify any amount of commissions received at GE, his financial records (including W-2's and a detailed earnings summary) produced from GE are entirely consistent with this testimony.   Mr. Barba actually

7

completed an "Employment Earnings History" form with Defendants upon hiring, and detailed his average earnings, including bonuses and commissions during his last year with GE. *See* Exhibit G, attached hereto. This estimation was actually conservative, as his last W-2 with GE shows that he earned almost five (5) thousand dollars more than was stated, and he did not inflate anything as suggested by Defendants.

The extremely low probative value of Mr. Barba's inability to answer in the affirmative that he unequivocally had "performance problems" during his entire tenure at GE is not substantially outweighed by the danger of unfair prejudice which would result in presenting Mr. Barba's performance improvement plans during his employment with GE to a jury.

### III. Legal Argument

Pursuant to the Federal Rules of Evidence, evidence is deemed relevant and admissible if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401, 402. The Third Circuit has noted that the definition of relevance under Rule 401 was not intended to "raise a high standard." *Hurley v. Atlantic City Police Dep't.,* 174 F.3d 95, 109-10 (3d Cir.1999). In fact, this standard has been referred to as "the minimum standard of relevancy." *See Ofsharick v. GMAC Commer. Mortg. Corp.,* 2003 U.S. Dist. LEXIS 15646 (E.D.Pa.2003). Because the Federal Rules make evidence relevant "if it has *any* tendency to prove a consequential fact, it follows that evidence is irrelevant only when it has *no* tendency to prove [a] fact." 22 Charles A. Wright & Kenneth W. Graham, Jr., Federal Practice and Procedure: Evidence § 5166, at 74 n. 47 (1978)(emphasis added).

However, a court may exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or

8

by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid.403.

Federal Rule of Evidence 403 prohibits the admission of evidence if there is a danger of *unfair* prejudice, not mere prejudice. *See* Fed.R.Evid. 403; *See also Koloda v. General Motors Parts Div., General Motors Corp.,* 716 F.2d 373, 378 (6th Cir.1983) (*quoting Dollar v. Long Mfg., N.C. Inc.*, 561 F.2d 613, 618 (5th Cir.1977)) ("Virtually all evidence is prejudicial or it isn't material. The prejudice must be unfair.")

**A. Defendants should not be permitted to introduce any testimony or evidence about or concerning Mr. Barba's performance history during his employment with GE as it is improper character evidence and is unduly prejudicial under F.R.E. 403.**

Fed. R. Evid. 404(a) establishes the general rule that evidence of a person's character is not admissible for the purpose of proving action in conformity therewith on a particular occasion. Thus, courts have consistently held that character evidence is not permitted to prove that Plaintiff acted in conformity with that character. *See United States v. Sriyuth*, 98 F.3d 739, 745 (3d.Cir. 1996)(finding that defendant's attempt to introduce evidence of plaintiff's issues with prior employers would demonstrate nothing more than plaintiff's tendency to act in conformity with her previous alleged behavior"); *See als Tamburo v. Ross/West View Emergency medical Services Authoroty*, 2007 WL 603003, *1 (W.D. Pa. 2007)(permitting defendant to introduce evidence only for the limited purpose of rebutting plaintiff's testimony regarding positive aspects of her prior employment record); *Heath v. Cast*, 813 F.2d 254, 259 (9th Cir. 1987)( Plaintiff's character evidence was admitted to show bias, not that Plaintiff acted in conformity).

Moreover, "character evidence is normally not admissible in a civil rights case." *Gates v. Rivera*, 993 F.2d 697, 700 (9th Cir. 1993) (holding in an officer shooting case, the defense sought

to offer defendant's character- not having shot in 16 years- was error). Because this is an employment discrimination case, plaintiff's character is not in issue, either as an essential element of a claim or defense. *See EEOC v. HBE Corp.* 135 F.3d 543, 553 (8th Cir. 1998) (plaintiff's moral character was not an essential element of his retaliatory discharge claim).

In a leading case in the District Court of the Eastern District of Pennsylvania, the Court considered Plaintiff's Motion *in limine* to, among other things, "preclude the introduction of evidence by defendant concerning plaintiff's prior employment history." *Pacheco v. Kazi Foods of New Jersey, Inc.*, 2004 WL 834706, *1 (E.D.Pa., 2004). Defendants argued that plaintiff was terminated for her poor attitude and performance and that, as a result, evidence regarding Plaintiff's alleged employment history of poor attitude and performance was relevant to their defense. *Id.* The Court found that "plaintiff's past work history is irrelevant to the instant case." *Id.*

The Court reasoned that "[e]ven assuming that plaintiff had a history of being fired for poor attitude and performance, such facts do not make it more or less likely that defendants fired her for those reasons in this case. Moreover, even if such evidence were relevant, the Court found that the plaintiff's employment history is inadmissible character evidence precluded by Rule 404 of the Federal Rules of Evidence." *Id.* The Court also found that "Defendant offer[ed] evidence of plaintiff's prior employment history to demonstrate that, because she was terminated for a poor attitude and poor performance by other employers, she demonstrated a poor attitude and performance while employed by defendant…." *Id.* "Because defendant offer[ed] this evidence to prove action in conformity therewith, it is inadmissible character evidence barred by Rule 404(b) of the Federal Rules of Evidence." *Id.*

Thus, the Court granted plaintiff's Motion in *limine* and precluded plaintiff's employment history of terminations for poor attitude and performance. *Id.* In *Pacheco*, the Court precluded evidence of the plaintiff's prior employment history because is deemed it irrelevant and impermissible character evidence.

Similarly, in *Zenian v. District of Columbia,* 283 F. Supp. 2d 36 (D.D.C. 2003), Defendant wanted to introduce documentary evidence pertaining to plaintiff's performance problems (not even from a prior employer) but rather with the same employer who was the subject of her lawsuit for racial of discrimination, which performance problems pre-dated the discriminatory period in issue. The district court precluded such use, stating:

> If the District is offering the evidence to show that plaintiff has always been a bad employee, it is doing exactly what it cannot do: introduce evidence of a person's character to prove that his behavior on one or more occasions was consistent with that character. Fed. R. Evid. 404(a). The only purpose of proving that plaintiff was a bad employee before 1995 is to prove that he was an equally bad employee after 1995. That, of course, is exactly what a litigant cannot do.

*Id.* at 40. *See also Rauh v. Coyne,* 744 F. Supp. 1181 (D.D.C. 1990) (holding inadmissible evidence concerning plaintiff's job performance <u>before and after</u> her employment at defendants' establishment); *and see Zubulake v. UBS Warburg LLC*, 382 F. Supp. 2d 536, at 543 (S.D.N.Y., 2005)(granting plaintiff's motion in *limine* to preclude evidence of performance deficiencies with prior employers under F.R.E. 404(b) and 403)[2]; *Neuren v. Adduci, Mastriani, Meeks &*

---

[2] The defendants in *Zubulake* attempted to make a similar proffer that Defendants do here – that the information was not being introduced for improper propensity evidence but to rebut Plaintiff's assertions that she was not insubordinate or uncooperative with an employer as she contended. This Court declined such an argument due to the overriding concerns under 404 and 403. So too should this Court reject Defendants' proffer, that such information is merely being introduced to cast doubt on Mr. Barba's credibility -- for responding to an open ended question in his deposition that he did not have "performance problems" at GE.

11

*Schill,* 43 F.3d 1507, 1511 (D.C. Cir. 1995)(plaintiff employee sued law firm for sex discrimination in violation of Title VII; defendant was prohibited from introducing evidence at trial of plaintiff's prior performance, difficulties in getting along with staff and meeting deadlines during employment with a different prior law firm, as this evidence was inadmissible character evidence); *and see e.g. Carla Bryce v. Trace Inc.,* 2008 U.S. Dist. LEXIS (27310)(W.D.Okla., March 31, 2008)(granting plaintiff's motion in *limine* to preclude evidence of prior performance and disciplinary records under Fed.R.Evid. 401-403).

Nothing within Mr. Barba's performance history with GE bears on any fact or claim in this case, and only opens the door for impermissible character evidence. The proffer of two (2) prior performance improvement plans implemented during Mr. Barba's employment with GE will only lead a fact-finder to conclude that he was not a good sales performer, and that if he did, in fact, have these sales performance concerns at GE, he likely experienced those same concerns with Defendants. The jury should be considering how Mr. Barba performed during his time with Defendants, the nature of the product sold by Defendants, Mr. Barba's pipeline and call volume while employed by Defendants, and any critiques made of Mr. Barba's performance during his tenure <u>with Defendants</u>. This is the inquiry at issue in this matter – not the reasons why Mr. Barba was placed performance improvement plans with a prior employer in 2007 and how/if he completed those plan(s).

In addition, absent a stipulation, documents must be authenticated before they are admitted. That means that someone from GE would have to testify as to the performance and commission documentation's authenticity. Then, one or both sides would likely call witnesses to testify regarding Mr. Barba's performance at GE. Assuming that the only individual called to provide testimony on the GE performance issues is Mr. Barba himself – he would likely be

permitted to rebut Defendants' assertions regarding his performance with GE, by discussing mitigating factors, differing circumstances for the low sales performance, and the nature of his sales performance for the duration of his employment with GE. Weighing the slight probative value of this evidence against the confusion it would cause the jury and the inevitable delay in the core trial proceedings, Mr. Barba submits that it is also inadmissible under Rule 403 dues to a waste of this Court's time and the confusion it would cause a jury.

Thus, Defendants should be precluded from discussing anything about Plaintiff's performance during his time with GE.

**B. To the extent Defendants intend to use such evidence for impeachment purposes on cross-examination, Plaintiff requests that this information be excluded nonetheless, as Defendants should not be permitted to introduce performance improvement plans and the results thereof as this information is immaterial and collateral**

Assuming *argunedo* that Defendants can muster up a cognizable form of impeachment use for this prior performance information with GE, it should be excluded as it is impeachment on an immaterial and collateral issue.

The general rule is that a witness may not be impeached by contradiction as to collateral or irrelevant matters elicited on cross-examination. *See United States v. Battaglia*, 394 F.2d 304, 315 (7th Cir. 1968) and authorities cited therein; 98 C.J.S. Witnesses § 633. The test, in turn, as to whether a matter is collateral is "whether the party seeking to introduce it for purposes of contradiction would be entitled to prove it as a part of his case". 98 C.J.S. Witnesses § 633. Stated more accurately, could the fact be shown in evidence for any purpose independent of the contradiction. 3A Wigmore on Evidence § 1003 (Chadbourn rev. 1970).

The extent to which cross examination may be allowed on collateral matters is within the trial court's discretion. *See United States v. Manton*, 107 F.2d 834, 845 (2d. Cir., 1939). It has

long been settled that the answers of a witness on cross examination with respect to a collateral matter introduced for impeachment purpose concludes the inquiry. *See United States v. Klass* 166 F.2d 373, 376 (3d Cir., 1948). A trial judge has a duty to protect the witness from questions which go beyond the bounds of proper cross examination merely to harass, annoy or humiliate her. *See Alford v. United States* 282 U.S.687, 694 (1931).

As has already been articulated, other than the mere fact of contradiction (that Mr. Barba did have *some* performance concerns during his tenure with GE), there is no independent basis to introduce the details of Mr. Barba's performance with GE. Foremost, if Mr. Barba acknowledges that he did in fact have some performance issues during his time with GE, there is no need to impeach him with evidence relating the specific instances of noted performance concerns, including the details and results of two (2) performance improvement plans administered in 2007 (two (2) years before he was laid off).

Assuming that Mr. Barba denies the existence of any performance concerns with GE at trial, Defendants need not introduce outside collateral evidence on the details of those performance concerns. The actual details of GE implementing a performance improvement plan and the contents thereof are completely immaterial and unduly prejudicial, and should be excluded as same under this Court's sound discretion.

### IV.     Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this court grant the instant motion *in limine* and prohibit Defendants from introducing any evidence at trial concerning Plaintiff's performance history during his employment with GE

                Respectfully Submitted,

                **KARPF, KARPF & CERUTTI, P.C.**

                */s/ Christine E. Burke*_____
                Christine E. Burke, Esquire
                Ari R. Karpf, Esquire
                3331 Street Road
                Two Greenwood Square, Suite 128
                Bensalem, PA 19020
                (215) 639-0801
                Attorney for Plaintiffs

Dated:  December 3, 2012

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAEL BARBA<br>P.O. Box 581<br>Southeastern, PA 19399 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | No.: 11-7337 |
| v. | : <br> : <br> : | **JURY TRIAL DEMANDED** |
| THOMCOMP, INC.<br>5 Penn Plaza<br>New York, NY 10001 | : <br> : <br> : <br> : <br> : | |
| *et. al.*<br>Defendants. | : <br> : <br> : | |

## **CERTIFICATE OF SERVICE**

I certify on the date set forth below, that I served Defendants with Plaintiff's Motion in *Limine* to preclude evidence of his prior performance history with General Electric from introduction at trial via ECF at the following address:

Neil J. Hamburg, Esq.
Jodi S. Wilenzik, Esq.
Hamburg & Golden
1601 Market Street, Suite 3310
Philadelphia, Pennsylvania 19103-1443

/s/   Christine E. Burke
Christine E. Burke, Esq.

Dated:  December 3, 2012