

CSMW

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAFAEL BARBA<br>P.O. Box 581<br>Southeastern, PA 19399 | : <br>: <br>: | CIVIL ACTION |
| Plaintiff, | : | No.: 11-7337 |
| v. | : | |
| | : | **JURY TRIAL DEMANDED** |
| THOMCOMP, INC.<br>5 Penn Plaza<br>New York, NY 10001<br>and<br>THOMAS PUBLISHING COMPANY<br>5 Penn Plaza<br>New York, NY 10001<br>and<br>THOMAS TECHNOLOGY SOLUTIONS<br>INC., d/b/a THOMASNET<br>One Progress Drive<br>Horsham, PA 19044<br>and<br>ROBERT TERRY<br>80 State Street<br>Albany, NY 12207<br>and<br>BART MIKULSKI<br>80 State Street<br>Albany, NY 12207<br>New York, NY 10001 | : | |
| Defendants. | : | |



FILED
DEC 11 2012
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## SECOND AMENDED CIVIL ACTION COMPLAINT

Plaintiff, Rafael Barba (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

## I. Introduction

1.   Plaintiff has initiated this action to redress violations by Defendants of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. § 621 *et. seq.*), and the Pennsylvania Human Relations Act ("PHRA"). Plaintiff was unlawfully terminated by Defendants, and he suffered damages more fully described/sought herein.

## II. Jurisdiction and Venue

2.   This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court may also assert supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

3.   This Court may properly maintain jurisdiction over Defendants because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co v. State of Washington, 326 U.S. 310 (1945) and its progeny.

4.   Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.   Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his

administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC and by filing the instant lawsuit within 90 days of receiving a notice of right to sue.

### III. Parties

6. The foregoing paragraphs are incorporated herein their entirety as if set forth in full.

7. Plaintiff is an adult who utilizes the above-captioned address.

8. Defendant Content Data Solutions, Inc. (hereinafter "Defendant Data") is upon information and belief a wholly owned subsidiary of Thomas Publishing Company.

9. Defendant Thomas Industrial Network Inc. (hereinafter "Defendant Network") is upon information and belief a wholly owned subsidiary of Thomas Publishing Company.

10. Defendant Thomas Publishing Company (hereinafter "Defendant Corporation") is a corporation providing information and technology services to both buyers and suppliers.

11. Thomas Technology Solutions Inc (hereinafter "Defendant TTS") is a corporation providing information and technology services to buyers and suppliers.

12. Defendant Robert Terry (hereinafter "Defendant Terry") is upon information and belief a high-level manager of Defendant Entities who controls and manages the terms and conditions of employment for employees who work for Defendant Entities including but not limited to their termination.

13. Defendant Bart Mikulski (hereinafter "Defendant Mikulski") is upon information and belief a high-level manager who was directly supervised by Defendant Terry.

14. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial

controls, and other factors, for Defendant Entities are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

15. At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

### IV. Factual Background

16. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

17. Plaintiff is a 60-year-old male.

18. Plaintiff was employed by Defendant Entities as an internet consultant.

19. Plaintiff's job duties included selling internet advertising to industrial suppliers.

20. Plaintiff was employed by Defendant Entities for approximately two months.

21. Plaintiff was employed by Defendant Entities at their Horsham, Pennsylvania location.

22. Upon information and belief, Plaintiff was one of the oldest employees at the location during his employment with Defendant Entities.

23. During his employment with Defendant Entities, Plaintiff was supervised by Defendant Bart Mikulski

24. Upon information and belief, Defendant Mikulski is in approximately his mid-30s (age).

25. During his employment with Defendant Entities, Plaintiff was also supervised indirectly by Defendant Robert Terry (Defendant Mikulski's supervisor).

26. Upon information and belief, Defendant Terry is in approximately his mid-30s (age).

27. Upon information and belief, the majority of employees of Defendant Entities are under 40 years old.

28. On or about December 3, 2010, Defendants terminated Plaintiff because Plaintiff allegedly did not have sufficient sales.

29. Upon information and belief, younger employees were treated more favorably than Plaintiff including but not limited to receiving assistance from Defendant Entities' management that Plaintiff did not receive.

30. Moreover, Plaintiff was terminated unlike other younger employees who were given in excess of 3 months to become productive.

31. Upon information and belief, younger employees of Defendant Entities with similar sales as Plaintiff were not terminated within the same limited timeframe that Plaintiff was permitted to work.

32. Plaintiff was replaced by someone sufficiently younger, approximately forty (40) years of age.

33. Plaintiff's premature termination for reasons not enforced against other younger employees evidences that Plaintiff was terminated for unlawful discriminatory motives.

### Count I
### Violations of the Age Discrimination in Employment Act ("ADEA")
(Wrongful (discriminatory) termination)
- Against Defendant Entities Only -

34. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

35. Defendant employed twenty (20) or more employees at all times relevant herein.

36. Plaintiff was subjected to discrimination by Defendant Entities during his employment because of his age including but not limited to discriminatory treatment from Defendant Entities' because of his age.

37. Defendant Entities' actions of terminating Plaintiff because of his age constitute violations of the ADEA.

### Count II
### Violations by Defendants of the Pennsylvania Human Relations Act ("PHRA")
(Age Discrimination)
**Against Defendant Entities Only**

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Plaintiff was subjected to discrimination by Defendant Entities during his employment because of his age including but not limited to discriminatory treatment from Defendants Entities' management because of his age.

40. Defendants Entities' actions of terminating Plaintiff because of his age constitute violations of the PHRA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to be prohibited from continuing to maintain their illegal policy, practice or custom of discriminating against employees and is to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and

seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered discrimination at the hands of Defendants until the date of verdict;

C. Plaintiff is to be awarded liquidated/punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

By:  /s Christine E. Burke
Christine E. Burke, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: December 11, 2012